# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH W. BROWN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>Defendant. | Case No. 2:19-cv-02110<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Joseph W. Brown ("Plaintiff") bring this action, on behalf of himself and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") relating to toxic levels of Vitamin D in Hill's dog food. In support of his claims Plaintiff alleges as follows:

## FACTUAL ALLEGATIONS

1. Defendant sells pet food for dogs and has created a premium brand specifically targeted at ingredient-conscious pet owners.

2. Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon and Chewy.com.

3. Veterinarians usually prescribe Hill's Science Diet and Prescription Diet product lines to address nutritional deficiencies and health issues. Therefore, the premium ingredients in these pet foods are an important characteristic to consumers, including the Plaintiff and Class

1

Members.

4.      At issue in this action are certain sizes and varieties of two pet food product lines:   "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[1]

## *Hill's Misrepresentations*

5.      In its advertising, marketing material and packaging, Defendant represents that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[2]

---

[1] The products that are part of the Hill's Pet Nutrition dog food recall include the following canned dog food products (Plaintiff reserves the right to amend this list):

•Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
•Hill's Prescription Diet z/d Canine 5.5 oz.
•Hill's Prescription Diet g/d Canine 13 oz.
•Hill's Prescription Diet i/d Canine 13 oz.
•Hill's Prescription Diet j/d Canine 13 oz.
•Hill's Prescription Diet k/d Canine 13 oz.
•Hill's Prescription Diet w/d Canine 13 oz.
•Hill's Prescription Diet z/d Canine 13 oz.
•Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.
•Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
•Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.
•Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
•Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.
•Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
•Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
•Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.
•Hill's Science Diet Adult Light with Liver Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.
•Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.
•Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food 12.5 oz.
•Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.
https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6QfRg_53XY__88eysTT6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last accessed on February 27, 2019).

[2] https://www.hillspet.com/dog-food (last accessed on February 27, 2019).

6. In order to better sell its Products, and to entice veterinarians to prescribe them, Defendant markets the Products as formulated and intended for dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7. Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[3]

8. Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[4]

9. Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.  Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure your pet gets a consistent product bag to bag."[5]

10. Defendant clearly states that its products contain the "precise balance" of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[6]

11. The packaging includes claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ]

---

[3] https://www.hillspet.com/about-us/quality-and-safety (last accessed on February 27, 2019).
[4] *Id*.
[5] *Id*.
[6] https://www.hillspet.com/about-us/nutritional-philosophy (last accessed on February 27, 2019).

vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." However, the reality is that the Hill's Products were not beneficial and were actually harmful to pets because they contained toxic levels of Vitamin D.

12. As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, product manufacturing and oversight are false.

## *The Recall*

13. On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

14. On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science diet products.

15. Hill's claims the excessive vitamin D is "due to a supplier error."[7]

## *The Price Premium*

16. Defendant charges a premium price for its Products. As demonstrated by the below examples, the Hill's Products command a substantial premium over other dog food products:[8]

---

[7] https://www.fda.gov/Safety/Recalls/ucm630232.htm (last accessed on February 27, 2019).
[8] Pricing information obtained from: https://www.chewy.com, accessed on 02/15/2019.

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |
| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

17. The presence of toxic levels of vitamin D in the Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead

5

dogs means the Hill's Products' value to the consumers is diminished, and the Products are worth substantially less than the premium prices paid for them.

18. As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiff and class members suffered actual damages and economic losses because they overpaid for the Hill's Products, not knowing that the Hill's Products had an adverse effect on their pets' health.

19. Consumers are willing to pay a premium for Defendant's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, and manufacturing standards. In its advertising, marketing material and packaging, Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[9]

20. Instead, consumers paid a premium for a product that sickened or killed thousands of dogs. And, all Class Members did not receive what they paid for. Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant. Instead of receiving these positive health benefits, consumers were subject to the risk of illness or death in their pets, as well as expensive veterinary bills and related costs as they tried to address the illnesses caused by the excessive vitamin D levels in the Hill's Products.

21. As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiff and Class Members suffered actual damages and/or economic losses.

*Additional Advertising and Marketing Misrepresentations*

---

[9] https://www.hillspet.com/dog-food (last accessed on February 27, 2019).

22. As described above and below, Defendant has engaged in an extensive, nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

23. Describing the quality of Hill's Products, Defendant's website[10] claims a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[11]

24. Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[12] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

25. Additionally, Defendant falsely claims that its Science Diet product line would feed "your dog's best life" with biology based nutrition.[13]

### *Defendant's Misrepresentations and Omissions are Material to Consumers*

26. Pet foods vary in the quality of ingredients, formula, manufacturing processes and inspection quality, and nutritional value. Premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

27. Hill's Pet Nutrition Prescription Diet and Science Diet product lines claim to provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

---

[10] https://www.hillspet.com/about-us/quality-and-safety (Last visited on February 27, 2019).
[11] *Id.*
[12] https://www.hillspet.com/prescription-diet/dog-food (Last visited on February 27, 2019).
[13] https://www.hillspet.com/science-diet/dog-food (Last visited on February 27, 2019)/

28. Hill's Products emphasize nutritional value for the dogs consuming them. Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

29. Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## PARTIES

30. Plaintiff Joseph W. Brown is a resident of Fairfield Connecticut. At various times within the Relevant Time Period (defined below), Plaintiff Brown purchased Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew.

31. Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas 66603. Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

32. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

33. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered and does business throughout this district.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

### *The Class and Subclass Defined*

35. Plaintiff seeks to represent a nationwide class defined as all persons in the United States who purchased Hill's Products during the Relevant Time Period. "Relevant Time Period" means the time period beginning with the earliest date that the Hill's Products contained abnormally high levels of vitamin D.

36. Plaintiff also seeks to represent a Connecticut Subclass defined as all persons who are Connecticut residents who purchased Hill's Products during the Relevant Time Period.

37. Excluded from the Class and Subclass are Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

### *The Classes and Subclass Satisfy the Rule 23 Requirements*

38. Members of the Class and Subclass are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believe the Class includes thousands of persons, if not hundreds of thousands.

39. Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions solely affecting individual members of the Class and Subclass. Among questions of law and fact common to the Class and Subclass are:

   a. Whether Hill's Products contain excessive levels of vitamin D;

   b. Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

  c. Whether Defendant's labeling, advertising, and marketing is false;

  d. Whether Defendant's labeling, advertising, and marketing is misleading;

  e. Whether Defendant's labeling, advertising, and marketing is deceptive;

  f. Whether Defendant breached warranties by making the representations above;

  g. Whether Defendant was unjustly enriched by making the representations and omissions above;

  h. Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.;

  i. Whether the Hill's Products' value to Class Members is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them because of the toxic level of vitamin D; and

  j. Whether Defendant's actions as described above violated Connecticut consumer protection statutes.

40. Plaintiff's claims are typical of the claims of Class and the Subclass because Plaintiff and each member of the Class purchased Hill's Products, and suffered damages and a loss of money as a result of that purchase.

41. Plaintiff is an adequate representative of the Class and the Subclass because his interests do not conflict with the interests of the Class and Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of the Class and the Subclass will be fairly and adequately protected by Plaintiff and his counsel.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class and Subclass may be relatively

small, the expense and burden of individual litigation make it impossible for members of the Class and Subclass to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

43. Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

44. Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

## COUNT I

### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 .S.C. § 2301, *et seq.*)

45. Plaintiff repeats and incorporates by reference each allegation set forth above and further alleges as follows.

46. Plaintiff brings this Count I individually and on behalf of the members of the Class against Defendant.

47. Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

48. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

49. Plaintiff purchased Hill's Products costing more than $5 and his individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

50. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

51. In connection with the sale of Hill's Products, Defendant issued written warranties

11

as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things, "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products were that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

52. Defendant breached these written warranties because the Hill's Products contained excessive and toxic levels of vitamin D harmful to pet health.

53. By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiff and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiff and Class Members.

54. Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendant notice thereof.

## COUNT II

## BREACH OF EXPRESS WARRANTY

55. Plaintiff repeats and incorporates by reference each allegation set forth above.

56. Defendant sold, and Plaintiff and members of the Class purchased, Hill's Products.

57. Defendant represented in its marketing, advertising, and promotion of Hill's Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport

your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Defendant also represented that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

58. The Hill's Products did not conform to Defendant's representations and warranties in that they contained excessive and toxic levels of vitamin D harmful to pet health.

59. As a direct and proximate result of Defendant's breaches of its express warranty and failure of the Hill's Products to conform, Plaintiff and members of the Class have been damaged in that they did not receive the product as specifically warranted, paid a premium for the product and/or incurred veterinary expenses to treat their ill pets.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

60. Plaintiff repeats and incorporates by reference each allegation set forth above.

61. Defendant sold and Plaintiff and members of the Class purchased Hill's Products.

62. When sold by Defendant, the Hill's Products were not merchantable, did not pass without objection in the trade under the label description, were not of fair average quality within that description, were not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label because of the excessive and toxic levels of vitamin D.

63. As a direct result of the Hill's Products being unfit for such purpose and/or otherwise not merchantable, Plaintiff and the members of the Class were damaged in that they did not receive the product as warranted, paid a premium for the product and/or incurred veterinary expenses to treat their ill pets.

## COUNT IV

## UNJUST ENRICHMENT

64. Plaintiff repeats and incorporates by reference each allegation set forth above.

65. Plaintiff conferred benefits on Defendant by purchasing Hill's Products at a premium price.

66. Defendant has knowledge of such benefits.

67. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Hill's Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented, among other things, that its Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contains "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety" when, in fact, the Hill's Products contained excessive levels of vitamin D harmful to pet health, which caused injuries to Plaintiff and members of the Class because they would not have purchased (or paid a price premium) for Hill's Products had the true facts been known.

68. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT V

## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
### (Conn. Gen. Stat. § 42-110a et seq.)

69. Plaintiff repeats and incorporates by reference each allegation set forth above.

70. Plaintiff Brown asserts this Count on behalf of himself and the Connecticut Subclass pursuant to the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42 110a, et seq. ("CUTPA"). Plaintiff is a person as defined by the CUTPA in that he is a natural person. Defendant is engaged in trade or commerce as defined by the CUTPA, in that it is engaged in the advertising, sale, offering for sale, or distribution of Hill's Products in Connecticut.

71. In selling its Hill's Products to Plaintiff and members of the Putative Class, Defendant has violated CUTPA by:

   a. Engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade and commerce; and

   b. Engaging in misleading advertising by misrepresenting the nature, characteristics standard ingredients, uses, benefits, and/or qualities of its Hill's Products dog food in violation of Conn. Dept. of Consumer Protection Reg. 42-110b-18(e).

72. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contain "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

73. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contain "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

74. Defendant's conduct is also in violation of CUTPA because Defendant's conduct as described herein violates Conn. Gen. Stat. 22-118k et seq. because the Hill's Products are adulterated and misbranded under that statute.

75. Plaintiff has suffered an ascertainable loss as a result of Defendant's use or employment of methods, acts, and/or practices prohibited under CUTPA.  Plaintiff has the right to bring this suit for damages on behalf of the Connecticut subclass under CONN. GEN. STAT. § 42-110g(b).

76. Plaintiff and members of the Connecticut Subclass were injured because: (a) they would not have purchased Hill's Products, or would not have purchased Hill's Products on the same terms, had they known that the products in fact contained excessive vitamin D; (b) they paid a price premium for Hill's Products based on Defendant's false and misleading statements; and (c) Hill's Products did not have the characteristics and benefits promised because they contained excessive vitamin D.

77. On behalf of himself and other members of the Connecticut Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages, punitive damages and reasonable attorneys' fees and expenses.

78. Pursuant to CONN. GEN. STAT. § 42-110g(c), a copy of this Complaint will be served on the Attorney General and the Commissioner of Consumer Protection.

**RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and Connecticut Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the

       Class and Subclass members;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Connecticut Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demand a trial by jury on all claims so triable.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to Local Rule 40.2, trial of this matter should be held in Kansas City, Kansas.

Dated: February 27, 2019        Respectfully submitted,

                                      /s/ Isaac Diel
                                      Isaac Diel  KS# 14376
                                      **Sharp McQueen PA**
                                      Financial Plaza
                                      6900 College Boulevard Suite 285
                                      Overland Park, Kansas 66211
                                      Tel: (913) 661-9931
                                      Fax: (913) 6619935
                                      idiel@sharpmcqueen.com

                                      Jeffrey Kodroff (*pro hac* to be filed)

John Macoretta (*pro hac* to be filed)
Diana Zinser (*pro hac* to be filed)
**SPECTOR ROSEMAN & KODROFF**
2001 Market Street, #3420
Philadelphia, PA 19103
Tel: 215-496-0300
jkodroff@srkattorneys.com
jmacoretta@srkattorneys.com
dzinser@srkattorneys.com
Attorneys for Plaintiff Joseph W. Brown
and the Class